**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RUSSELL ROBINSON<br>          *Plaintiff,*<br><br>     v.<br><br>PATRICK BANNING, et al.<br>          *Defendants.* | CIVIL ACTION<br>NO. 20-5442 |

**PAPPERT, J.**                                      **November 30, 2021**

## <u>MEMORANDUM</u>

Russell Robinson alleges he was illegally arrested, imprisoned and prosecuted because Philadelphia police officer Patrick Banning falsely claimed he saw Robinson engage in three drug transactions on the afternoon of October 31, 2018.  Banning moves to exclude evidence and questions regarding his prior misconduct and disciplinary history, while Robinson moves to exclude evidence of his prior convictions. After considering the papers, (ECF Nos. 23, 24, 26 and 31), and holding oral argument, (ECF No. 40), the Court grants in part and denies in part both motions.

I

Robinson argues that a 2010 incident in which Banning falsely claimed to have reviewed the contents of a warrant application is admissible under Federal Rule of Evidence 404(b).  According to Robinson, Banning attested to the contents of a warrant application that he had not actually read.  (Pl. Resp. at 2.)  While Banning's partner later admitted to making false statements in the application, Robinson does not contend Banning knew those statements were false when he signed the document.  (*Id.*) Instead, Robinson argues that Banning's false attestation — his claim to have read a

1

document he had not — is relevant to show Banning's knowledge, intent, motive, plan, preparation, and opportunity to fabricate the basis for Robinson's arrest. It is not. But Robinson may impeach Banning's character for truthfulness by asking him about it on cross-examination.

A

Rule 404(b) prohibits evidence of "a crime, wrong, or other act" used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The "permitted uses" of prior act evidence set forth in Rule 404(b)(2) are treated like exceptions to 404(b)(1)'s "prohibited uses," and "the party seeking to admit evidence under 404(b)(2) bears the burden of demonstrating its applicability." *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014). "Rule 404(b) must be applied with careful precision, and . . . evidence of a defendant's prior bad acts is not to be admitted unless both the proponent and the District Court plainly identify a proper, non-propensity purpose for its admission." *Id.* at 274 (citing *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013)).

Prior bad act evidence must satisfy a four-part test to be admissible under Rule 404(b). Specifically, the evidence must be:

(1) offered for a proper non-propensity purpose that is at issue in the case; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 such that its probative value is not outweighed by any inherent danger of unfair prejudice; and (4) accompanied by a limiting instruction, if requested.

*Id.* at 277–78 (citing *Davis*, 726 F.3d at 441).

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. For evidence offered pursuant to Rule 404(b) to be relevant, it must fit into an inferential chain "no link of which is a forbidden propensity inference." *United States v. Repak*, 852 F.3d 230, 243 (3d Cir. 2017) (internal quotations and citation omitted). The Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

B

The fact that Banning falsely claimed to have reviewed a warrant application in 2010 is not probative of his knowledge or intent in this case. Robinson alleges that Banning personally concocted the lies that led to Robinson's 2018 arrest. (Pl.'s Resp. at 1–2; Second Am. Compl. ¶ 16, ECF No. 18.) But in 2010, Banning purportedly did nothing more than attest to statements he had not in fact read. Whether Banning lied about reviewing an unrelated warrant application in 2010 has no bearing on whether he actually saw the drug transactions he claimed to see in 2018, and is therefore irrelevant to whether he knew the asserted basis for Robinson's arrest was false.

Banning's misconduct is also inadmissible to prove his motive.  Robinson contends that Banning was motivated to lie in this case to sidestep the requirements of probable cause.  (Pl. Resp. at 3.)  But falsely claiming to have read a warrant application, without more, does not indicate that Banning wanted to create the illusion of probable cause.  Again, Robinson does not allege that Banning knew the contents of the application were false when he signed it.

Robinson's other arguments are even weaker.  He offers no explanation for how Banning's false attestation demonstrates his opportunity, preparation, or plan to lie about the reasons for Robinson's arrest.  Instead, he claims that the evidence is relevant because it shows "how . . . Banning conducts narcotics investigations."  (Pl.'s Resp. at 3.)  In other words, he invites the jury to conclude that because Banning lied about reading a warrant application in 2010, he fabricated the basis for Robinson's 2018 arrest.  Rule 404(b) forbids this type of reasoning.

## C

While Banning's false attestation is inadmissible to prove that he lied about Robinson's arrest, Robinson may impeach Banning's credibility as a witness by asking him about it on cross-examination.  Under Federal Rule of Evidence 608(b), the Court may allow cross-examination about specific instances of conduct if they are probative of the witness's character for truthfulness or untruthfulness.  *United States v. Williams*, 464 F.3d 443, 448 (3d Cir. 2006).  In deciding whether to admit such evidence, the Court should consider "the importance of the testimony, the probable effect on the jury of the evidence, the character of the previous conduct, and the remoteness in time of the misconduct."  *Ashford v. Bartz*, No. 04-00642, 2009 WL 2356666, at *2 (M.D. Pa. July

30, 2009) (quoting *United States v. Lundy*, 416 F. Supp. 2d 325, 330 (E.D. Pa. 2005)).

Admissions under Rule 608 must also satisfy the requirements of Rule 403. *Id.*; *United States v. Bocra*, 623 F.2d 281, 288 (3d Cir. 1980).

On balance, these factors weigh in favor of allowing cross-examination regarding Banning's false attestation to the 2010 warrant application. The fact that Banning falsely claimed to have read statements in a sworn warrant application is highly probative of his character for truthfulness. "The classic example of a permissible inquiry [under Rule 608(b)] would be an incident in which the witness had lied." *Jackson v. City of Pittsburgh*, No. 07-111, 2011 WL 3443951, at *20 (W.D. Pa. Aug. 8, 2011) (quoting *Bocra*, 623 F.2d at 288) (alteration in original). The case may turn on whether the jury believes Banning's testimony that he did in fact see Robinson engage in the drug transactions that purportedly supplied probable cause for his arrest. The importance of Banning's testimony thus weighs in favor of allowing cross-examination regarding his earlier dishonesty. And while a decade has passed since the incident, it remains highly relevant to assessing his credibility. *See Lundy*, 416 F. Supp. 2d at 334 (allowing questioning about a perjury charge that occurred "only eleven years before the instant charges").

For the same reasons, the probative value of this questioning is not substantially outweighed by the risk of unfair prejudice. *See Bailey v. Diguglielmo,* No. 07-719, 2010 WL 2902532, at *3 (E.D. Pa. July 23, 2010) (permitting questioning about dishonest conduct that occurred ten years before trial). If requested, the Court will instruct the jury that Banning's answers are admissible only to assess the credibility of his testimony.

Robinson may not, however, ask Banning about any investigation into or discipline imposed because of his dishonesty.  His cross-examination must be directed at Banning's own conduct, not its consequences.  *See United States v. Davis*, 183 F.3d 231, 257 n.12 (3d Cir.), *amended*, 197 F.3d 662 (3d Cir. 1999).

## II

Robinson, in turn, moves to exclude evidence of his prior convictions.  Banning opposes the motion because he believes Robinson's 2009 convictions for robbery, criminal conspiracy, carrying a firearm without a license, and possession of an instrument of crime, are admissible for impeachment purposes under Rule 609(a)(1)(A).  *See* (Def.'s Resp. at 2–3, ECF No. 26); Criminal Docket at 3–4, *Commonwealth v. Robinson*, CP-51-CR-0407761-2006 (Ct. C.P. Phila. Cnty.).[1]  The robbery conviction is admissible.  The others are not.

## A

In a civil case, a conviction for a crime that was punishable by more than one year of imprisonment must be admitted for impeachment purposes, subject to Federal Rule of Evidence 403.  Fed. R. Evid. 609(a)(1)(A).  In assessing its admissibility, the Court weighs four factors against the potential prejudice in admitting the conviction: (1) the nature of the conviction, (2) the time elapsed since the conviction, (3) the importance of the witness's testimony to the case, and (4) the importance of the credibility to the claim at hand.  *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014) (citing *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007)).

---

[1]      Robinson initially asked the Court to exclude the convictions associated with Philadelphia County Municipal Court docket numbers MC-51-CR-26626-2007 and MC-51-MD-557-2008.  Banning indicated at the final pre-trial conference that he does not intend to introduce evidence of these convictions, (ECF No. 40), so the Court will not address their admissibility.

If neither the conviction nor the witness's release from confinement for it occurred within ten years of the trial, the conviction is only admissible if its probative value substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b)(1); *United States v. Hans*, 738 F.2d 88, 93 (3d Cir. 1984).

B

Banning's conviction for robbery is admissible impeachment evidence. First, the nature of the conviction weighs in favor of admission. Robinson was convicted of robbery under 18 Pa. Cons. Stat. § 3701(a)(1)(i). ("A person is guilty of robbery if, in the course of committing a theft, he inflicts serious bodily injury upon another[.]") His offense involved stealing, which is "universally regarded as conduct which reflects adversely on a man's honesty and integrity." *Sharif*, 740 F.3d at 273 n.10 (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967)); *see also United States v. Carey*, No. 18-037, 2019 WL 6492566, at *3 (M.D. Pa. Dec. 3, 2019) (collecting cases holding that robbery convictions are "indicative of dishonesty and . . . probative for truthfulness").

Second, the importance of the witness's testimony and credibility both weigh in favor of admission. Robinson is the only plaintiff's witness. *See* (Pl.'s Pretrial Memorandum at 1, ECF No. 34). His credibility will be a critical issue for the jury, who will have to decide between Robinson and Banning's conflicting testimony. *See Sharif*, 740 F.3d at 273 (noting that a plaintiff's credibility was "crucial to his claim" where he was the only witness testifying on his behalf).

Third, while Robinson's conviction occurred almost thirteen years ago, age has not greatly reduced its relevance. Because Robinson was released from prison in 2015, (Def.'s Response at 2), his conviction must be admitted as long as its probative value is not substantially outweighed by the danger of unfair prejudice. Fed. R. Evid,

7

609(a)(1)(A). Even courts applying Rule 609(b), which is weighted heavily toward exclusion, have admitted similar convictions. *See United States v. Pritchard*, 973 F.2d 905, 909 (11th Cir. 1992) (affirming admission of 13-year-old burglary conviction under Rule 609(b)); *United States v. Slade*, No. 12-0367, 2013 WL 5873576, at *5 (E.D. Pa. Nov. 1, 2013) ("Staleness is not as much of a concern when the conviction is just over ten years old, particularly when the conviction is probative of Defendant's credibility."). It follows that the age of Robinson's conviction is not dispositive under the more lenient balancing test imposed by Rule 403.

Analysis of the *Greenridge* factors shows that the probative value of Robinson's robbery conviction as impeachment evidence is not substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403. Robinson's robbery conviction is unrelated to the alleged drug activity that formed the basis for his arrest. There is little risk that the jury will conclude that Robinson's drug arrest must have been supported by probable cause simply because he had previously been convicted for robbery. *See Brown v. McCafferty*, No. 18-1126, 2020 WL 887915, at *2 (E.D. Pa. Feb. 24, 2020). And if requested, the Court can provide an appropriate limiting instruction to mitigate concerns that the conviction would be used for propensity purposes.

C

In contrast, Robinson's convictions for conspiracy, carrying a firearm without a license and possession of an instrument of crime are not admissible. Robinson's firearms convictions say little about his character for truthfulness. *See Sharif,* 740 F.3d at 273 ("Crimes of violence are less probative of honesty than are crimes involving deceit or fraud."); *United States v. Whitfield*, No. 12-418, 2013 WL 12212553, at *2 (E.D.

Pa. May 10, 2013) (concluding that the "firearms aspects" of the defendant's conviction did not reflect on his truthfulness).  And at the final pre-trial conference, neither party could say what Robinson was convicted of conspiring to do.  (ECF No. 40.)  It is hard to see how a jury could assess the impact of a conspiracy conviction on Robinson's character for truthfulness without knowing anything about the nature of the offense Robinson conspired to commit.

The probative value of these convictions is further diminished by the fact that Robinson's credibility will already be challenged by his robbery conviction.  *Picone*, 740 F.3d at 274.  Evidence of these convictions would be needlessly cumulative.  *See United States v. Patterson*, No. 09-513, 2009 WL 3423839, at *4 (E.D. Pa. Oct. 21, 2009) (admitting robbery conviction under 609(a)(1) but excluding convictions for conspiracy and carrying a firearm without a license).  The Court will exclude them under Rule 403.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

9